**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **DRILL TECH DRILLING & SHORING, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ACCIONA ENERGY USA GLOBAL, LLC., ESPIRITU WIND, LLC, OVIDIO ATKINSON, and LA CHALUPA, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No.** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Drill Tech Drilling & Shoring, Inc. ("**Drill Tech**") files its Original Complaint against Defendants Acciona Energy USA Global, LLC, Espiritu Wind, LLC, Ovidio Atkinson, and La Chalupa, LLC and would respectfully show the Court the following:

## I. PARTIES

1. Plaintiff Drill Tech Drilling & Shoring, Inc. is a California corporation authorized to do business in the State of Texas.

2. Defendant Acciona Energy USA Global, LLC ("**Acciona**") is a Delaware limited liability company authorized to do business in the State of Texas. Acciona Energy USA Global, LLC may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant Espiritu Wind, LLC ("**Espiritu**") is a Delaware limited liability company authorized to do business in the State of Texas. Espiritu Wind, LLC may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Ovidio Atkinson ("**Atkinson**") is an individual resident and citizen of the State of Texas who may be served at his place of residence located at 33324 Fernando East Road, Rio Hondo, Texas 78583.

5. La Chalupa, LLC ("**La Chalupa**") is a Delaware limited liability company authorized to do business in the State of Texas. La Chalupa may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. JURISDICTION & VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in this District.

## III. FACTUAL BACKGROUND

8. Acciona, as represented on its website, is the United States division of Acciona, S.A., a Spanish multinational conglomerate that serves as "a leader in the development and management of infrastructure, water, services, and renewable energy."[1] Acciona is "listed on the Spanish blue-chip IBEX35 Index (ANA.MC). It is a public company with over 38,000 employees in more than 30 countries in five continents."[2] "The energy business owns and operates a nearly 900 MW of wind and solar projects across the U.S. and Canada. The company is an independent power producer focused solely on renewable energy. ACCIONA's U.S. team is involved in all aspects of renewable energy, including financing, construction, project development operations and power marketing."[3]

---

[1] acciona.us/about-us/acciona-in-us/
[2] *Id.*
[3] *Id.*

9. Espiritu and La Chalupa are wholly owned subsidiaries of Acciona that purportedly own property located at 18133 Olmito North Road, Rio Hondo, Cameron County, Texas (the "**Property**").

10. In 2019, Acciona and NGC Group, Inc. ("**NGC**") entered into an *Agreement for Construction Services (Foundations)* (the "**Prime Contrac**t") for the Chalupa Wind Project located in Cameron County near Rio Hondo, Texas (the "**Project**"). The Project was intended to consist of sixty-three wind turbine generators and related facilities.

11. With NGC subsequently unable to install the foundation anchors in accordance with Acciona's requirements, an equipment manufacturer suggested that NGC contact Drill Tech, which it did. Drill Tech determined that it had the skill and equipment necessary to install the foundation anchors and began negotiations with NGC to perform the work.

12. On October 22, 2019, Drill Tech and NGC executed an *NGC Standard Subcontract Agreement*, which was dated October 9, 2019 (the "**Subcontract**"). Under the Subcontract, Drill Tech agreed to, among other things, furnish labor, materials, and equipment necessary to install foundation anchors ("**Anchors**" or "**Piles**") for the wind turbine foundations (the "**Work**") at an original subcontract price of $3,732,575.

13. Drill Tech began installing production piles on November 21, 2019. From the outset, NGC failed to provide concrete that met Drill Tech's specifications, which was required of NGC under the Subcontract. Representatives of Drill Tech and NGC had a meeting at the Project on December 5, 2019. During that meeting, Drill Tech made clear that NGC supplied concrete that failed to meet the required mix design and caused delays in the performance of the Work. NGC acknowledged inadequacies with the concrete it provided to Drill Tech and that Drill Tech's efficiency would improve once NGC started delivering proper mix design to the Project.

14. Drill Tech spent week after week "manned up" at the Project site waiting for the sporadic delivery of concrete by NGC. Exhibit "B" of the Subcontract identifies two sets of hourly rates for Drill Tech's equipment and labor standby time. The higher set of rates is for active standby time, which applies to the time spent by Drill Tech with personnel and equipment engaged at the Project and ready to perform Work. The active standby rate is applicable to the time Drill Tech spent waiting for NGC to deliver concrete to the Project.

15. Consistent with the rates in the Subcontract, Drill Tech submitted to NGC five change order requests (COR Nos. 3-7) for standby and related costs directly arising from the failure of NGC to timely delivery adequate concrete to the Project. Those change order requests total $542,115.94. NGC rejected all five change order requests even though the costs arise directly from delays caused by NGC and are recoverable under the Subcontract.

16. Other than rejecting the change order requests of Drill Tech specific to standby costs, NGC also failed to pay Drill Tech for labor and materials it delivered to the Project within its contractual scope of work. Even with NGC's failure to pay, Drill Tech substantially completed the Work by March 24, 2020.

17. As of April 2020, NGC had not paid Drill Tech, including the $542,115.94 for COR Nos. 3-7, $3,136,603.14. For that reason, Drill Tech, pursuant to the requirements of Section 53.056, 53.057, and 53.083 of the Texas Property Code, issued a notice of claim in the amount of $3,136,603.14 dated April 10, 2020 to NGC and Acciona. A true and correct copy of the April 10, 2020 notice of claim is attached hereto as Exhibit "A" and incorporated herein for all purposes.

18. NGC proceeded to make a payment to Drill Tech in the amount of $1,059,565.20, but it failed and refused to pay the remaining balance due and owing of $2,077,037.94. For not paying the balance, Drill Tech issued a second of notice of claim in the reduced amount of $2,077.037.94 dated May 1, 2020 to NGC, Acciona, La Chalupa, and multiple other owners of

property involved with the Project. A true and correct copy of the May 1, 2020 notice of claim is attached hereto as Exhibit "B" and incorporated herein for all purposes.

19. Receiving no additional payments from NGC after issuing its second notice of claim, Drill Tech, pursuant to Section 53.052 of the Texas Property Code, recorded Affidavits of Mechanic's and Materialman's Liens in the real property records of Cameron County, Texas (collectively, the "**Liens**") on July 14, 2020, in the total amount of $2,077,037.94. True and correct copies of the Liens are attached hereto as Exhibit "C" and incorporated herein for all purposes.

20. Pursuant to Section 53.055 of the Texas Property Code, Drill Tech forwarded copies of the recorded Liens on July 14, 2020 to NGC, Acciona, Espiritu, and La Chalupa, perfecting its lien claim under Chapter 53 of the Texas Property Code. A true and correct copy of the July 14, 2020 Section 53.055 notice is attached hereto as Exhibit "D" and incorporated herein for all purposes.

21. On September 21, 2020, Espiritu sold and conveyed its interest in certain property encumbered by the Liens to Atkinson through the executed of an Assignment of Wind Energy Lease and Agreement.

## IV. CONDITIONS PRECEDENT

22. All conditions precedent to recovery by Drill Tech from Acciona, Espiritu, and La Chalupa have occurred or have been performed.

## V. CAUSES OF ACTION

### A. QUANTUM MERUIT/UNJUST ENRICHMENT

23. Drill Tech realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

24. Drill Tech seeks recovery from Acciona for damages provided in *quantum meruit* in the amount of $2,077,034.94. By providing labor, materials, goods, and services to the Project,

Drill Tech conferred a benefit on Acciona. Acciona, as owner of the Project, willingly and knowingly accepted Drill Tech's labor, materials, goods and services giving Drill Tech a reasonable expectation that there would be complete compensation. If Drill Tech is not allowed to recover, Drill Tech will not be completely compensated for the reasonable value of the labor, materials, goods and services it provided to the Project, Acciona would be unjustly enriched, and Drill Tech would suffer a substantial loss.

25. The reasonable value of the labor, materials, goods and services that remain to be paid is not less than $2,077,037.94. Drill Tech further seeks recovery of interest, attorneys' fees and costs of court pursuant to TEX. CIV. PRAC. REM. CODE §38.001, *et seq*, TEX. R. CIV. P. 131 and 141, and any other applicable statute and/or common law.

**B. SUIT TO FORECLOSE THE LIENS**

26. Drill Tech realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

27. Drill Tech has taken all steps necessary to perfect the Liens pursuant to Chapter 53 of the Texas Property Code. On April 10, 2020, and again on May 1, 2020, Drill Tech duly and timely sent notices of its claims, currently in the amount of $2,077,034.94, to Acciona, Espiritu, and La Chalupa via certified mail, return receipt requested. Additionally, on July 14, 2020, Drill Tech recorded the Liens and sent Section 53.055 notices along with copies of the recorded Liens to NGC, Acciona, Espiritu, and La Chalupa.

28. Drill Tech is entitled to an Order of Sale and a Writ of Possession to be issued by a sheriff or constable with the State of Texas, directing him/her to seize and sell said property interest as under execution and in satisfaction of Acciona, Espiritu, Atkinson, and La Chalupa's obligations by reason of their failure to pay the sums due and owing to Drill Tech as detailed in this Complaint. If the proceeds of such sale are insufficient to satisfy the debt owed to Drill Tech, then Drill Tech

requests the sheriff or constable to take the money and any balance remaining unpaid out of any other property of Acciona, Espiritu, Atkinson, and/or La Chalupa, as in the case of ordinary execution. Any excess amounts should be paid to Acciona, Espiritu, Atkinson, and/or La Chalupa.

29. Drill Tech is entitled to and seeks recovery of $2,077,034.94 that it is owed for the work it performed on the Project from the proceeds of any foreclosure sale. All conditions precedent have been performed, have occurred, or have been waived for Drill Tech's foreclosure of its Liens.

## VI. RECOVERY OF ATTORNEYS' FEES

30. Drill Tech realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

31. The acts described in this Complaint forced Drill Tech to retain legal counsel to pursue recovery for damages caused by the acts and/or omissions of Acciona, Espiritu, Atkinson, and La Chalupa. Drill Tech seeks reimbursement for its reasonable and necessary attorneys' fees, expenses, and costs pursuant to Tex. Civ. Prac. Rem. Code 38.001, *et seq*., Tex. Prop. Code 53.156, Tex. R. Civ. P. 131 & 141, and any other applicable statute and/or common law.

## VII. REQUEST FOR RELIEF

For these reasons, Plaintiff Drill Tech Drilling & Shoring, Inc. respectfully requests that Defendants Acciona Energy USA Global, LLC, Espiritu Wind, LLC, Ovidio Atkinson, and La Chalupa, LLC be cited to appear and answer herein; and that Drill Tech be granted judgment as follows:

(a) Actual damages against Acciona in an amount not less than $2,077,034.94;

(b) Foreclosure of its Liens and an Order of Sale of the Property with the proceeds of such sale being paid to Drill Tech in satisfaction of the debt owed to it in the sum of $2,077,034.94, plus interest, attorneys' fees and costs of Court;

(c) Reasonable attorneys' fees and expenses;

(d) Costs of court;

(e) Prejudgment and post judgment interest at the highest rate allowed by law; and

(f) For such further relief, both general and specific, as may be deemed appropriate by this Court.

DATED: July 14, 2022.

Respectfully Submitted,

*/s/ Gregory M. Weinstein*

GREGORY M. WEINSTEIN
State Bar No. 21096430
**WEINSTEIN RADCLIFF PIPKIN LLP**
8350 N. Central Expressway, Suite 1550
Dallas, Texas 75206
Telephone: 214.865.6126
Facsimile: 214.865.6140
Email: gweinstein@weinrad.com

**ATTORNEYS FOR PLAINTIFF DRILL TECH DRILLING & SHORING, INC.**