United States District Court
Southern District of Texas
**ENTERED**
April 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

|  |  |  |
|---|---|---|
| DRILL TECH DRILLING & SHORING, INC., | § § § | |
| "Plaintiff," | § § § | |
| v. | § § | Civil Action No. 1:22-cv-00083 |
| ACCIONA ENERGY USA GLOBAL, LLC *et al.*, "Defendants." | § § § § | |

## ORDER

Before the Court are the "Defendants Ovidio Atkinson and La Chalupa, LLC's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under 12(b)(1)" (Dkt. No. 69) ("MTD"), "Plaintiff's Response to La Chalupa & Atkinson's Motion to Dismiss" (Dkt. No. 70) ("Response"), and "Defendants Ovidio Atkinson and La Chalupa, LLC's Reply in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under 12(b)(1)" (Dkt. No. 72) ("Reply"). For these reasons, Defendant's MTD is **GRANTED**.

### I.    BACKGROUND

The case arises out of a construction dispute. In October 2019, Drill Tech Drilling and Shoring, Inc. ("Drill Tech") entered into a subcontract agreement with NGC Group, INC. ("NGC"), the foundations contractor for the project. Dkt. No. 70 at 2. Under the subcontract, Drill Tech agreed to install foundation anchors for the wind turbine foundations. *Id.* Drill Tech completed the work but alleges that NGC failed to pay amounts owed under the subcontract. *Id.*

To recover unpaid amounts, Drill Tech initiated arbitration against NGC in August 2020. *Id.* To preserve its lien rights, Drill Tech also filed this lawsuit on July 14, 2022, against entities associated with the Project, including Ovidio Atkinson and La Chalupa, LLC, the owners of the property interest on which the Project was constructed, seeking foreclosure of its liens. *Id.* at 2-3. Although Atkinson and La Chalupa were not parties to the subcontract, Drill Tech asserted that its liens attached to their property interests under Texas mechanic's lien law. *Id.* at 3.

The arbitration concluded in March 2025 with an award in Drill Tech's favor. *Id.* Drill Tech subsequently filed an action in the United States District Court for the Northern District of Texas seeking confirmation of the arbitration award. *Id.*

Drill Tech and NGC later settled under which NGC agreed to pay the settlement amount in twelve monthly installments, with the final payment due on October 25, 2026. *Id.*

Drill Tech and NGC notified the Court of their settlement agreement through the submission of their Joint Motion of Dismissal with Prejudice ("Joint Motion"), which was granted. Dkt. No. 69 at 3. The Joint Motion expressly stated that "all matters of controversy between the Parties have been fully settled and compromised." *See* Dkt. No. 69-2.

## II.    LEGAL ARGUMENT

The case-or-controversy requirement must subsist through all stages of federal judicial proceedings. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Otherwise, the action is moot, and the court is stripped of jurisdiction. *Id.* Lien rights are a creature of state law, not private contract. *See Cavazos v. Munoz*, 305 B.R. 661, 667 (S.D. Tex. 2004). Under Texas law, once the debt is satisfied, the lien securing that debt is extinguished. *See Endeavor Energy Res., L.P. v. Staley*, 569 S.W.3d 319, 328 (Tex. App.—El Paso 2019).

Here, the lien has been extinguished by a mutual settlement agreement in which the debt has been "fully settled and compromised." Dkt. No. 69 at 5. Because a lien can "only legally attach if there is an underlying debt secured by the lien," Drill Tech cannot maintain a lien foreclosure action as performance security for a separate, independent settlement agreement. *Satsky v. United States*, 993 F. Supp. 1027, 1029 (S.D. Tex. 1998).

Moreover, subcontractor lien rights are created by statute, and a breach of a private settlement agreement cannot be enforced by foreclosing on a lien. *See e.g., First Nat. Bank in Graham v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983) ("Because a subcontractor is a derivative claimant and, unlike a general contractor, has no constitutional, common law, or contractual lien on the property of the owner, a subcontractor's lien rights are totally dependent on compliance with the statutes authorizing the lien").

Additionally, Drill Tech's argument that there would be "no avenue for recovery against Defendants" (Dkt. No. 70 at 8) if NGC fails to make all payments under the Settlement Agreement is without merit, as Plaintiff could sue Defendants for breach in the event of nonpayment.

Because the underlying debt has been fully satisfied and the lien extinguished, no live case or controversy remains. Thus, Defendant's MTD (Dkt. No. 69) is **GRANTED** and this case is therefore **DISMISSED**. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 22nd day of April 2026.

Rolando Olvera
United States District Judge